UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ARMANDO NINO, | § | |
| --- | --- | --- |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-1441 |
| | § | |
| ALDI, INC., | § | |
| | § | |
| DEFENDANT | § | |

## ORIGINAL COMPLAINT

Plaintiff Armando Nino brings suit against Defendant Aldi, Inc. ("Defendant") and in support would show as follows:

### I.  PRELIMINARY STATEMENT

1.1  This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Aldi, Inc. operates a number of no frills, discount grocery stores throughout the United States. By 2018, Aldi expects to have 2000 stores in the United States alone. Aldi, Inc. employs between four to six managers at each of its grocery stores. Plaintiff Armando Nino was employed by Aldi, Inc. as a manager, but he was a manager in name only. For example, a typical day would start with Nino breaking down pallets dropped off by a supply truck with Defendant's cashiers, and then when the cashiers have to leave to run the cash registers, Nino would finish breaking down the pallets by himself. Once that was done, Nino would make his rounds through the store, filling in on the cash registers, making change for the sales associates, cleaning the restrooms, dealing with customer complaints, making signs, making bank runs and

stocking shelves. Nino had no real authority or discretion to manage his particular store, as such authority rested solely with Nino's District Manager. Nino typically worked sixty to seventy hours per week, every week, but received no overtime premiums for any hours worked over forty per week.

1.2  Nino brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3  During the course of Nino's employment, Defendant willfully committed violations of the FLSA by failing to pay Nino for overtime hours he worked in excess of forty hours per week at a rate of one-half times his regular rate of pay.

## II.  JURISDICTION AND VENUE

2.1  The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2  The Court has personal jurisdiction over Defendant Aldi, Inc. because this entity conducts business in Texas and has entered into relationships with Nino in Texas, and committed actions in Texas that give rise to this cause of action.

2.3  Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

**A.  Plaintiff**

3.1  Plaintiff Armando Nino is an individual residing in Dallas County, Texas.

**B.  Defendant**

3.2  Defendant Aldi, Inc. is a corporation formed and existing under the laws of the State of Illinois and maintains and operates its principal US office in Illinois.

3.3  Defendant Aldi, Inc. was an employer of Nino as defined by 29 U.S.C. §203(d).

3.4  Even though Aldi, Inc. operates a number of stores with Texas, Aldi, Inc. has not designated a registered agent for service of process within Texas.  As such, Aldi, Inc. can be served with process by serving the Texas Secretary of State, who will then forward a copy of this lawsuit to its President, Charles E. Youngstrom, at 1200 N. Kirk Road, Batavia, Illinois 60510.

## IV.  FLSA COVERAGE

4.1  For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2  At all relevant times, Defendant Aldi, Inc. had gross operating revenue in excess of $500,000.00.

4.3  At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4  At all relevant times, Defendant employed "employees", including Nino, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5  At all relevant times, Defendant employed two or more persons in interstate commerce.

4.6  At all relevant times, Defendant Aldi, Inc. has been an "enterprise" engaged in commerce

as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Nino was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendant.

4.8     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant Aldi, Inc. operates well over one thousand discount grocery stores throughout the United States, including Texas.

5.2     Defendant employed Nino during the entire three-year period preceding the filing of this Complaint as a manager. Even though he was given the title of manager, Nino's duties were more akin to that of a utility infielder, filling in wherever necessary, and engaging in the same tasks, with few exceptions, as Defendant's stockers and cashiers. Nino had no real authority or discretion to manage his particular store; such authority rested in Nino's District Manager.

5.3     Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.4     Defendant maintained and exercised the power to hire, fire, and discipline Nino during his employment with Defendant.

5.5     Nino was required to comply with Defendant's policies and procedures in performing his work during his employment with Defendant.

5.6     Nino was a non-exempt employee under the FLSA.

5.7     Nino normally worked sixty to seventy hours per week.

5.8     Nino has not been compensated for his overtime hours at one-half times his regular rate of pay.

## VI. CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As a non-exempt employee under the FLSA, if Nino worked over forty hours in a workweek, Nino was entitled to overtime pay for these hours.

6.3     Even though Nino worked sixty to seventy hours per week, Defendant failed to pay Nino overtime pay for any hours worked in excess of forty per week.

6.4     Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Nino overtime compensation for all hours worked over forty per workweek.

6.5     In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Nino.

6.6     No excuse, legal justification or exemption excuses Defendant's failure to pay Nino overtime compensation for hours worked over forty in a workweek.

6.7     Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.8     Nino seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Armando Nino respectfully prays that Defendant Aldi, Inc. be cited to appear, and that, upon trial of this matter, Nino recover the following against Defendant:

a. Actual damages for the full amount of Nino's unpaid overtime compensation;

b. Liquidated damages in an amount equal to Nino's unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEY FOR PLAINTIFF